## MONTANA MILLING COMPANY, RESPONDENT, *v.* JEFFERIS, APPELLANT.

[Submitted September 16, 1895.    Decided September 23, 1895.]

AGREED STATEMENT OF FACTS—*Amendment.*—Where the appellate court had reversed a judgment rendered for defendant in an action tried upon an agreed statement of facts, from which the amount and date of plaintiff's recovery had been omitted by inadvertance of counsel, the trial court may permit the statement to be amended by inserting the amount and date of plaintiff's recovery,—no proof or inquiry being necessary to ascertain them, and their insertion not changing the terms of the statement or the understanding of the parties.

*Appeal from First Judicial District, Lewis and Clarke County.*

PLAINTIFF'S motion for leave to amend the agreed statement of facts was granted by HUNT, J.    Affirmed.

*A. J. Craven,* for Appellant.

*E. C. Russel,* for Respondent.

Pemberton, C. J.—This case was originally tried in the district court on an agreed statement of facts. Judgment was rendered in favor of the defendant, and the plaintiff appealed to this court. This judgment was reversed, and the cause remanded to the trial court, with instructions to render judgment in favor of the plaintiff for the amount of its demand. (*Montana Milling Co.* v. *Jefferis.* 14 Mont. 143.) By the terms of this agreed statement of facts, in the event of plaintiff's recovery, judgment was to be entered in its favor for the sum of $127.34 and costs on September 22, 1890. But by inadvertance of counsel this amount, and the date, were omitted from said statement. After the case had been remanded to the trial court, as stated above, counsel for plaintiff asked leave of court to insert this amount and date in the statement of facts, in order that judgment might be rendered in accordance with the mandate of this court. Over the objection of the defendant, this leave was granted, and judgment rendered accordingly. From this action of the court the defendant appeals.

The defendant contends that the insertion of the amount and date mentioned above into the agreed statement of facts was an amendment thereof which the court had no power to make. But we think the statement was not amended in any manner repugnant thereto by this action of the court. The amount and date ought to have been inserted in the statement at the time it was prepared, and evidently were intended by the parties to have been incorporated into it, but by inadvertence they were omitted. It required no proof or inquiry to ascertain the amount and date. They were of record in the court, in a judgment therein obtained by plaintiff against other parties, and which judgment is referred to in said statement. There was no dispute at any time as to the amount or date. Their insertion into the statement did not change or alter its terms, or the agreement and understanding of the parties thereto. This action was not repugnant to the agreed statement, or any of its terms. (Comp. St. div. 1, § 280.) In fact, the trial court had to insert this amount and date in the statement in

order to comply with the mandate of this court. The appeal is entirely without merit. The judgment is affirmed.

*Affirmed.*

DE WITT, J., concurs.

HUNT, J., as a judge of the district court, having made the order appealed from, takes no part in the foregoing decision.