IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-882

FILED

DEC 2 0 2001

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

MACK J. COLE, JOSEPH C. HEIKEN, B.F. "CHRIS" CHRISTAENS, ROBERT EMMONS,

      Plaintiffs,

      v.

STATE OF MONTANA, ex rel., BOB BROWN, SECRETARY OF STATE,

      Defendants.

)
)
)
)
)
)     ORDER
)
)
)
)
)
)

Before this Court are the following documents, all filed in the office of the Clerk of this Court on December 18, 2001:

1.     Original Complaint for Declaratory Judgment and Injunctive Relief (hereafter referred to as the Complaint);

2.     Plaintiffs' Motion for Original Jurisdiction and Expedited Briefing Schedule and Hearing and Memorandum in Support Thereof (hereafter referred to as the Motion); and

3.     Joint Stipulation of the Parties to this Court's Assuming Original Jurisdiction and Setting an Expedited Briefing Schedule and Hearing on Plaintiffs' Original Complaint (hereafter referred to as the Stipulation).

The parties jointly request that this Court enter an order approving the Stipulation and assuming original jurisdiction of the Complaint.

With the passage of Constitutional Initiative 64 (CI-64). at the November 3, 1992 election, a new Section 8 was added to Article IV of the Montana Constitution which, in the

1

STATE LAW LIBRARY

DEC    2001

OF MONTANA

vernacular, imposed "term limits" on the offices of governor, lieutenant governor, secretary of state, state auditor, attorney general, superintendent of public instruction, state representative, state senator, U.S. representative and U.S. senator.

The Complaint sets out an action for declaratory and injunctive relief challenging the validity of the November 3, 1992 election wherein CI-64 was enacted; requesting that CI-64 be declared null and void; and requesting that the Secretary of State be directed to decertify the election results as to CI-64 and be permanently enjoined from complying with the requirements of CI-64.

This Court's jurisdiction over this cause derives from Article VII, Section 2 of the Montana Constitution and from §§ 3-2-201 and 202, MCA. That said, this Court will exercise its discretion to assert original jurisdiction in a declaratory judgment action "where legal questions of an emergency nature are presented and ordinary legal procedures will not afford timely or adequate relief." *Grossman v. Department of Natural Resources* (1984), 209 Mont 427, 433,682 P.2d 13 19, 1322. Moreover, this Court will consider three factors when accepting original jurisdiction: "( 1) that constitutional issues of major statewide importance are involved; (2) that the case involves pure legal questions of statutory and constitutional construction; and (3) that urgency and emergency factors exist making the normal appeal process inadequate." *State ex rel. Gould* v. *Cooney* (1992), 253 Mont. 90, 92, 83 1 P.2d 593, 594 (citing *State ex rel. Greely v. Water Court* (1984), 214 Mont. 143, 69 I P.2d 833; *Butte-Silver Bow Local Gov't* v. *State* (1989), 235 Mont. 398, 401-02, 768 P.2d 327, 329). In the

2

case at bar we conclude that these criteria are met.

First, the constitutional issues raised-that Cl-64 as proposed and enacted violates Article XIV, Section I I and Article V, Section I l(3) of the Montana Constitution--are paramount concerns of major statewide importance arguably affecting rights of suffrage and implicating the election process and the ability to run for and to be elected to specified public offices.

Second, the issues raised involve purely legal questions of constitutional interpretation and construction. We are not apprised of any disputed factual matters by any of the parties.

Third, urgency and emergency factors exist which make the normal appeal process inadequate. Specifically, the period during which candidates must file their applications for office for the next general election opens on January 2 1, 2002, and closes on March 2 1, 2002. Should this Court not exercise original jurisdiction over this cause, it is certain that the merits of Plaintiffs' claims could not be heard and resolved by a District Court and then appealed and decided by this Court before the closing of the application deadline. Thus, urgency and judicial economy militates in favor of this Court accepting original jurisdiction of this cause. See *State ex rel. Gould, 253* Mont. at 92-93, 83 I P.2d at 594.

Finally, and while not determinative of our decision herein, we note that the parties have stipulated to and request that this Court assert original jurisdiction in this matter.

Accordingly, for the reasons stated above and good cause shown:

IT IS ORDERED that the Motion is GRANTED, except to the extent modified herein.

3

This Court hereby accepts original jurisdiction of this cause, reserving. however. the issue of the timeliness of this challenge.

IT IS FURTHER ORDERED that the following briefing schedule is adopted:

1. Plaintiffs' opening brief shall be prepared, filed and served on counsel of record no later than Friday, January 4, 2002;

2. Defendants' response brief shall be prepared, tiled and served on counsel of record no later than Friday, January 25, 2002;

3. Plaintiffs' reply brief shall be prepared, filed and served on counsel of record no later than Friday, February 1, 2002;

4. Briefs of any *amicus curiae* in support of the Plaintiffs' position shall be prepared, filed and served on counsel of record no later than Friday, January 4, 2002;

5. Briefs of any *amicus curiae* in support of the Defendants' position shall be prepared, tiled and served on counsel of record no later than Friday, January 25, 2002; and

6. Plaintiffs' reply brief shall address arguments of Defendants and opposing *amici*; Defendants' response brief shall address arguments of Plaintiffs and opposing *amici*.

IT IS FURTHER ORDERED that any motions for intervention and supporting briefs in this cause shall be prepared, sent to the Clerk of this Court and served on all counsel of record no later than Friday, January 11, 2002. Any intervention motion shall be accompanied by an intervention brief (not to exceed four pages of text) setting forth the legal basis for intervention and, separately, a merits brief addressing the merits of Plaintiffs' and Defendants' positions. The Clerk of this Court will file the motion for intervention and supporting intervention brief, but will not tile the merits brief without further order of this Court. If this

4

Court grants the motion for intervention, the Clerk will then file the merits brief. Plaintiffs and Defendants shall each have until Friday, February 1, 2002, to file one supplemental brief addressing any and all merits briefs authorized by this Court to be filed by intervenors.

IT IS FURTHER ORDERED that briefs of *amici*, if any, and merits briefs of intervenors, if any, shall, to the extent possible, join arguments and positions of the parties without rearguing those. New or different arguments than those of the parties may be fully stated and argued within the page and word constraints of the Montana Rules of Appellate Procedure. Motions for over-length briefs or extensions of the tiling times set forth herein will not be entertained.

IT IS FURTHER ORDERED that if this cause is set for oral argument, the date, time and specifics will be set by further order of this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall give notice of this Order by fax, followed by mail, to counsel of record.

DATED this 20th day of December, 200 1.

_____
Chief Justice

_____
W. William Leaphart

_____
Patricia Cotter

_____

_____
Justices

Justice Jim Rice dissenting.

I respectfully dissent from the Court's acceptance of original jurisdiction of this matter.

While the Petition alleges that because of "urgency and emergency factors," this Court should exercise its extraordinary authority in this matter, the claimed "emergency" is of the Petitioners' own making. Both Senator Christaens and Senator Cole are astute public servants who have been well aware since their last election that the constitutional amendment embodied in CI-64 prohibited them from seeking another term. Yet, they failed to properly initiate a challenge to the amendment in the district court, waiting until the midnight hour and crying "emergency" to this Court. If they contend that they previously lacked standing to challenge the amendment, then they also lack standing now, because the filing period has not yet opened, and they have not yet attempted to file and been rejected by the Honorable Bob Brown. The reality is that they failed to adjudicate their claim and assert standing in the district court. I would require them to comply with the legal process generally applicable to the citizens of this state.

_____
                                    Justice

Justice Terry N. Trieweiler joins in the dissent of Justice Rice.

_____
                                    Justice

7